IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
02 JAN 18 PM 1:
U.S. DISTRICT C
N.D. OF ALABAM

| | |
|---|---|
| LYNDA MORGAN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CASE NO. |
| | )    CV-02-S-0150-NE |
| LG ELECTRONICS ALABAMA, INC. | ) |
| and JODY MURRY, individually, | ) |
| | ) |
|     Defendant. | ) |

---

## COMPLAINT

---

COMES NOW the Plaintiff, Lynda Morgan, named in the above styled cause, by and through her attorneys, and files this complaint as follows:

### JURISDICTION

1.     This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2000e-17, and the Civil Rights Act of 1991, 42 U.S.C. § 1981a, 42 U.S.C. § 1988. This Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

2.     This Court maintains subject matter jurisdiction under 42 U.S.C. 2000e-5(f), 28 U.S.C. § 1331 and 28 U.S.C. § 1343, *et seq.*

3.     The unlawful employment practices alleged herein have been committed within the Northern District of Alabama.

4.     Plaintiff, Lynda Morgan, is a female and a citizen and resident of the United States who at all times relevant hereto, has been a resident of Madison County, Alabama, in the Northern District of Alabama.  Plaintiff's residence address is in Toney, Alabama.

5.     Defendant, LG Electronics Alabama, Inc., (hereinafter referred to as "LG" or "LG Electronics") is a corporation, doing business within the Northern District of Alabama, and is an employer engaged in an industry affecting commerce and otherwise meeting the definitional requirements of 42 U.S.C. § 2000e.

6.     Defendant, Jody Murry, is an individual and is employed in a supervisory position with Defendant LG Electronics and resides within the Northern District of Alabama.

## CONDITIONS PRECEDENT

7.     Plaintiff has timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("E.E.O.C."), alleging a sexually hostile work environment and retaliation against the Defendant. A copy of said Charge of Discrimination is attached hereto and identified as "Exhibit A."

8.     Plaintiff received a Notice of Right-to-Sue from the E.E.O.C. and this action is being instituted within ninety (90) days of receipt by the Plaintiff of said Notice of Right-to-Sue, a copy of which is attached hereto and identified as "Exhibit B."

## FACTS

9.     Plaintiff is a female who worked as a temporary staff member with Defendant LG Electronics in August, 2000.

10.     Throughout her employment, Plaintiff was subjected to sexually hostile work environment and retaliation by employees of Defendant, including Jody Murry, who was in a

2

supervisory position over Plaintiff.

11.     The work environment at LG Electronics was sexually offensive and Plaintiff was subjected to comments of a sexual nature.  One of her supervisors, Jody Murry, requested on numerous occasions that she go out on dates with him and also made inappropriate inquiries into Plaintiff's personal information.

12.     This offensive behavior on the part of Defendant, LG Electronic's management took place on a weekly basis.

13.     Plaintiff's supervisors were aware of Murry's inappropriate comments and requests to Plaintiff, as she complained to them and they were present when some of the comments and requests were made.

14.     Thereafter, Plaintiff was retaliated against.  Plaintiff was told by Reggie Bryant, a manager in the warehouse, at the beginning of October, 2000, that she would become a permanent employee of LG Electronics as soon as the paperwork was processed.

15.     In mid January, 2001, Plaintiff again complained about Jody Murry's inappropriate behavior and comments to Reggie Bryant, Tim Bennett and Alan Potter, all of whom were management employees of LG Electronics.

16.     Plaintiff was informed that Murry had been written up and counseled, but later discovered that Murry was never written up.

17.     Shortly thereafter, other temporary employees with less time on the job than Plaintiff were given positions as permanent employees and Plaintiff was terminated.

18.     Plaintiff was told by a management level employee that she was denied a permanent job and taken off the permanent hire list because of her complaints about Murry.

3

19.     Although Plaintiff repeatedly complained of this continued harassment to supervisory employees of Defendant LG Electronics no action was taken to prevent it or to punish any employees for retaliating against her.

20.     On multiple occasions, Plaintiff reported the sexual harassment and retaliation to Defendant's management.  Defendant LG Electronics failed to take prompt remedial action in response to Plaintiff's complaints, and Plaintiff continued to be sexually harassed and retaliated against.  Plaintiff has been retaliated against by her co-workers and management, not offered a permanent position with Defendant LG Electronics and her services with Defendant were terminated for complaining about the harassment.

21.     Plaintiff alleges that, at all times relevant hereto, the actions of management were intentional and/or done in reckless disregard for Plaintiff's right to a work environment that is free of sexual harassment and retaliation.

22.     Plaintiff avers that Defendant LG Electronics made no effort to protect Plaintiff from sexual harassment and retaliation by Jody Murry.  Plaintiff further avers that even though she reported the sexual harassment and retaliation, nothing was done, and therefore, there exists no effective procedure through which she could have reported the conduct of Jody Murry, to the extent that any such procedure may have existed, it was ineffective because no remedial action was taken against the offending employees.

23.     Plaintiff avers that as a result of the tortious offensive actions of Jody Murry she repeatedly complained to management.  Therefore Defendant LG Electronics had direct knowledge that said actions were visited upon Plaintiff, that such conduct constituted sexual harassment and retaliation and that Defendant LG Electronics failed to take adequate steps to

4

protect Plaintiff from the tortious and offensive actions of her co-workers as herein above described. Defendant LG Electronics thereby authorized, ratified, or participated in those tortious and offensive acts.

24.     Plaintiff alleges that the sexual harassment, retaliation and sexually explicit remarks by Jody Murry created an extremely hostile work environment that was demeaning to the Plaintiff and sufficiently pervasive so as to alter the conditions of Plaintiff's employment and create an abusive working environment.

25.     As a result of the continued harassment and retaliation, Plaintiff was not hired as a permanent employee and was terminated from LG Electronics.

## COUNT I - TITLE VII SEXUAL HARASSMENT

26.     Plaintiff realleges each and every material and factual averment of paragraphs 1 through 25, as though the same were restated here, and Plaintiff further avers that the actions of the Defendant constituted discrimination against Plaintiff in terms, conditions and privileges of employment on the basis of her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e, *et seq.,* that Defendant's actions constituted discriminatory treatment of Plaintiff, and that they were sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create an abusive and hostile working environment.

27.     Plaintiff avers that, as a proximate consequence of the illegal conduct of the Defendant, Plaintiff lost wages, benefits, and other accrued emoluments of employment, and that she has been caused to suffer embarrassment and humiliation, anxiety and concern, so that she is entitled to an award of back pay, front pay, benefits, consequential, and compensatory damages against Defendant. Plaintiff further avers that Defendant's illegal conduct was intentional,

5

willful, wanton, and/or in reckless disregard of her federally protected civil rights or otherwise improper and egregious to a degree that it would require or otherwise substantiate the allowance of punitive damages in an amount to be determined by a jury.

## COUNT II -TITLE VII RETALIATION

28.     Plaintiff realleges the allegations set forth in paragraphs 1 through 27 hereof, as fully set forth herein.

29.     Plaintiff avers that Defendant retaliated against Plaintiff and denied her opportunities for employment on the basis of her having complained of sexual harassment and having subsequently filed a charge of discrimination with the EEOC in violation of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991.

30.     Plaintiff avers that, as a proximate consequence of the illegal conduct of the Defendant, Plaintiff lost wages, benefits, and other accrued emoluments of employment, and that she has been caused to suffer embarrassment and humiliation, anxiety and concern, so that she is entitled to an award of back pay, front pay, benefits, consequential, and compensatory damages against Defendant. Plaintiff further avers that Defendant's illegal conduct was intentional, willful, wanton, and/or in reckless disregard of her federally protected civil rights or otherwise improper and egregious to a degree that it would require or otherwise substantiate the allowance of punitive damages in an amount to be determined by a jury.

31.     Plaintiff alleges that she is now suffering, and will continue to suffer irreparable injury and monetary damages as a result of the retaliatory practices of Defendant unless and until this Court grants relief, including actual, compensatory, and punitive damages in an amount to be determined by a jury.

## COUNT III - NEGLIGENT SUPERVISION

32.     Plaintiff realleges each and every factual and material averment contained in paragraphs 1 through 31 of Plaintiff's complaint as though the same were set forth here and avers that Defendant LG Electronics had a duty to reasonably supervise its employees, including Plaintiff's co-workers and management, and to take appropriate action to maintain a work place that was free of repeated instances of sexual harassment and retaliation. Plaintiff further avers that Defendant, LG Electronics, breached that duty and took no effective remedial action to prevent the egregious acts of Plaintiff's co-workers, Jody Murry, and other employees, and that the conduct of Defendant LG Electronics constituted negligent supervision.

33.     As a direct and/or proximate result of Defendant, LG Electronics's negligent supervision, Plaintiff was injured and damaged in that she lost wages and suffered emotional distress, embarrassment and humiliation, and anxiety and concern for which she is entitled to recover from the Defendant, LG Electronics, actual compensatory and consequential damages. Plaintiff alleges that the conduct of the Defendant, LG Electronics, was intentional, willful, wanton, and/or sufficiently egregious and improper to a degree that it would require or otherwise substantiate the allowance of punitive damages in an amount to be determined by a jury.

## COUNT IV - NEGLIGENT RETENTION

34.     Plaintiff realleges each and every factual and material averment contained in paragraphs 1 through 33 of Plaintiff's complaint as though the same were set forth herein. Plaintiff avers that she was invited to the premises of Defendant, LG Electronics, with respect to Plaintiff and others, Defendant, LG Electronics was under a duty to use due care to avoid the retention of employees who Defendant knew were persons unworthy, by habits, temperament, or

7

nature, to deal with the persons invited to the premises by the employer, including Plaintiff, but that Defendant, LG Electronics, breached said duty in continuing the employment of Plaintiff's co-workers and Defendant, LG Electronics, unreasonably retained these unworthy employees.

35.     Plaintiff avers that Defendant, LG Electronics, did not exercise reasonable care in retaining its employees, Jody Murry, and others, proximately causing Plaintiff to be injured and damaged in that she lost wages, suffered emotional distress, embarrassment and humiliation, and anxiety and concern. Plaintiff further alleges that the conduct of Defendant, LG Electronics, was intentional, willful, wanton, and/or sufficiently egregious and improper to a degree that it would require or substantiate the allowance of actual, consequential, compensatory, and punitive damages in an amount to be determined by a jury.

## COUNT V - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

36.     Plaintiff realleges each and every factual and material averment contained in paragraphs 1 through 35 of Plaintiff's complaint as though the same were set forth herein.

37.     The foregoing actions of the Defendants were willful, fraudulent, and/or reckless, which actions amounted to wilful violation of Defendants' requirement to provide a workplace free of sexual harassment, intimidation, retaliation, and their conduct is outrageous, and such conduct has caused not only monetary loss, but great mental pain, anguish, embarrassment and suffering.

## COUNT VI - OUTRAGE

38.     Plaintiff realleges each and every factual and material averment contained in paragraphs 1 through 37 of Plaintiff's complaint as though the same were set forth herein.

39.     At all material times and in doing those things alleged in this Complaint, the

8

Defendant LG Electronics knew that the Plaintiff was relying upon the Defendant LG Electronics to ensure a workplace free of sexual harassment, intimidation, retaliation and assault and battery. Nevertheless, acting willfully, maliciously and outrageously toward the Plaintiff, with conscious disregard for the Plaintiff's known rights and with the intention of causing and willfully disregarding the probability of causing unjust and cruel hardship to the Plaintiff, the Defendant LG Electronics has failed to provide a workplace free of sexual harassment, intimidation and retaliation.

40.     The foregoing actions of the Defendant LG Electronics were outrageous, willful, fraudulent, and intentional, and such conduct has caused not only monetary loss, but sever mental pain, anguish, embarrassment and suffering.

## COUNT VII - INVASION OF PRIVACY

41.     Plaintiff realleges each and every factual and material averment contained in paragraphs 1 through 40 of Plaintiff's Complaint as though the same were set forth here.

42.     During the period of Plaintiff's employment with the Defendant LG Electronics, the Defendant Murry, acting in his capacity as agent and employee of the Defendant LG Electronics and other employees of Defendants, wrongfully pried or intruded into Plaintiff's private activities, affairs and seclusion.

43.     The nature of the intrusions referred to herein were so outrageous as to cause mental suffering, shame, or humiliation to a person of ordinary sensibilities.

44.     On one or more occasions, Plaintiff complained to management-level employees of the Defendant LG Electronics, regarding the repeated intrusions into her personal life by the Defendant Murry; however, after being informed of the same, the Defendant LG Electronics, did not

take any action to effectively terminate or correct the wrongful conduct described herein.

45.     As a direct and proximate result of such extreme and outrageous conduct by the Defendant Murry acting in his capacity as agent and employee of the Defendant LG Electronics and other employees of Defendants, the Plaintiff has suffered mental and physical anguish and severe emotional distress.

WHEREFORE, Plaintiff prays that this Court:

a.     Declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights;

b.     Enjoin the Defendant from engaging in such conduct;

c.     Order that Defendant provide employment to Plaintiff, free and clear of sexual discrimination and retaliation;

d.     Award Plaintiff back pay and benefits from the date of her termination up to the date of any action to reinstate her;

e.     Award Plaintiff compensatory damages against Defendant that will fully compensate her for mental distress, anguish, pain, suffering and concern that she has suffered as a direct and/or proximate result of the statutory and common law violations of Defendant as set out herein;

f.     Enter a judgment against Defendant for such punitive damages as will properly punish Defendant for the statutory and common law violations perpetrated upon Plaintiff as alleged herein, in an amount that will serve as a deterrent to Defendant and others from engaging in similar conduct in the future;

g.     Award Plaintiff her costs, disbursements and attorney's fees;

h.     Assume continuing and indefinite jurisdiction in order to ensure compliance with the terms of the orders requested herein;

10

i.    Award Plaintiff punitive damages according to the law; and

j.    Grant such further and other legal and equitable relief as it may deem just and proper.

Rebekah Keith McKinney
Attorney for Plaintiff
WATSON, JIMMERSON, GIVHAN
  & MARTIN, P.C.
203 Greene Street
P.O. Box 46
Huntsville, Alabama  35804
(256) 536-7423
(256) 536-2689 Fax

Elizabeth B. Moore
Attorney for Plaintiff
MARTINSON & BEASON, P.C.
115 North Side Square
P.O. Box 19048
Huntsville, Alabama  35801
(256) 533-1667
(256) 533-1696 Fax

PLAINTIFF DEMANDS A JURY ON ALL ISSUES TRIABLE TO A JURY.

Elizabeth B. Moore

11

PARTIES ADDRESSES:

PLAINTIFF'S ADDRESS:

Lynda Morgan
c/o Rebekah Keith McKinney
WATSON, JIMMERSON, GIVHAN & MARTIN, P.C.
203 Greene Street
Post Office Box 46
Huntsville, Alabama 35801

DEFENDANT'S ADDRESS:

LG Electronics Alabama, Inc.
Ki J. Kim, Registered Agent
201 James Record Road
Huntsville, Alabama 35824

Jody Murry
4425 Sullivan Street
Madison, Alabama  35758

COPY

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; see Privacy Act Statement on reverse before completing this form.

ENTER CHARGE NUMBER
☐ FETA
X EEOC

| NAME | HOME TELEPHONE NO. |
|---|---|
| Lynda Morgan [SS# 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; DOB 7-19-65] | 256-828-6508 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 191 Jamie Lane | Toney, AL 35773 | Madison |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (*If more than one list below.*)

| NAME | NO. OF EMPLOYEES/MEMBERS | TELEPHONE NUMBER |
|---|---|---|
| LG Electronics | 500+ | 256-772-1515 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|
| 201 James Record Rd. | Huntsville, AL 35824 |

RECEIVED
MAR - 8 2001
E.E.O.C.
BIRMINGHAM DISTRICT

| NAME | TELEPHONE NUMBER |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|
| | |

| CAUSE OF DISCRIMINATION BASED ON | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOO PLACE |
|---|---|
| Sexual Harassment/Retaliation | February 26, 2001 |

THE PARTICULARS ARE:

   I became employed as a temporary staff member at LG Electronics in August, 2000, through a temporary staffing agency, TRI Staffing. Since the beginning of my employment at LG Electronics and continuing through January, 2001, Jody Murray, who was in a supervisory position over me, subjected me to comments of a sexual nature and requests to go out on dates with him.

   Murray's supervisors were aware of his inappropriate comments and requests to me as I both complained to them and they were present when he made some of the comments and requests to me.

   I was told by Reggie Bryant, a manager in the warehouse, at the beginning of October, 2000 that I would become a permanent employee of LG Electronics as soon as the paperwork was processed.

   I continued to inquire about the promise to make me a permanent employee at LG Electronics throughout my employment there and was told each time that the paperwork was being processed and would be completed soon.


CHARGE CONTINUED ON ATTACHED PAGE .....


I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Date: *9-5-01*

Charging Party Signature:

*Lynda Morgan*

ATTORNEY FOR THE CHARGING PARTY:

**REBEKAH KEITH**
WATSON, JIMMERSON, GIVHAN & MARTIN, P.C.
P.O. BOX 46
HUNTSVILLE, AL 35804
(256)536-7423

EEOC FORM 5 (TEST 10/94)

**EXHIBIT A**

MORGAN CHARGE CONTINUED FROM PREVIOUS PAGE .....

In mid January, 2001, I again complained about Jody Murray's inappropriate behavior and comments to Reggie Bryant, Tim Bennett and Alan Potter, all of whom were management employees of LG Electronics. I was informed that Murray had been written up and counseled, but later discovered that Murray was never written up.

Shortly thereafter, other temporary employees with less time on the job than me were given positions as permanent employees and I was informed that my services had been terminated. I was told by a management level employee that I was denied a permanent job and taken off the permanent hire list because of my complaints about Murray.

I was never given any information on reporting sexual harassment, nor did I ever see any such information posted.

I believe that I have been sexually harassed, denied permanent employment and retaliated against because I complained of sexual harassment and refused sexual advances, in violation of Title VII of the Civil Rights Act of 1964, as amended. I am making these charges of sexual harassment and retaliation on behalf of myself and all others similarly situated.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _9-5-01_

_Lynda Morgan_
Charging Party Signature



EEOC Form 161 (10/96)   U.S. E~ _AL EMPLOYMENT OPPORTUNITY COMN. _ION

## DISMISSAL AND NOTICE OF RIGHTS

To: MS. LYNDA MORGAN
191 JAMIE LANE
TONEY, ALABAMA 35773

From: BIRMINGHAM DISTRICT OFFICE
RIDGE PARK PLACE, SUITE 2000
1130   22ND STREET SOUTH
BIRMINGHAM, AL 35205

[   ]   *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 130 A1 1426 | DONALD P. BURRIS | 205   731-0793 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[   ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[   ]   Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[   ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[   ]   We cannot investigate your charge because it was not filed within the time limit required by law.

[   ]   Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[   ]   While reasonable efforts were made to locate you, we were not able to do so.

[   ]   You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[ X ]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[   ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[   ]   Other *(briefly state)*  _____

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS from your receipt of this Notice;** otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_(signature)_

Cynthia G. Pierre, District Director

_(date) October 24, 2001_
*(Date Mailed)*

Enclosure(s)

cc:

**EXHIBIT   B**